MCGREGOR W. SCOTT
United States Attorney
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00045-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| DAVON ARTHUR FOSTER, | DATE: January 21, 2021 TIME: 9:30 a.m. COURT: Hon. Troy L. Nunley |
| Defendant. | |

This case is set for a change of plea hearing on January 21, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice," and allows district judges to exercise their discretion to continue all criminal matters on a case-by-case basis. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767–68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1. By previous order, this matter was set for a change of plea hearing on January 21, 2021.

2. By this stipulation, defendant now moves to continue the change of plea hearing until February 4, 2021, at 9:30 a.m., and to exclude time between January 21, 2021, and February 4, 2021, under Local Code T4.  The parties anticipate presenting a plea agreement to the Court at the next court appearance.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports and related documents, criminal history documents, and other paper documents totaling approximately 100 pages.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The government has also extended a plea offer to the defendant in this matter.

    b) In light of this discovery and the government's plea offer, counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to those charges, to review and copy discovery for this matter, to inspect physical evidence seized and/or otherwise available concerning this matter, to discuss potential resolutions with her client, to consider the government's proposed plea agreement, to consider and/or prepare pretrial motions, and to otherwise prepare for trial.

    c) Moreover, in addition to the general public-health concerns cited by General Order Nos. 611, 612, 617, and 618, and presented by the evolving COVID-19 pandemic, which the parties incorporate herein, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible, and—consistent with that public-health guidance—it will be difficult for defense counsel to fully investigate the facts of this case and complete discussions with her client in advance of the currently scheduled hearing.  Moreover, the defendant was recently added to a quarantine list after testing positive for COVID-19 in the Sacramento County Jail, and thus counsel has been unable to meet with her client in the days leading up to the currently scheduled hearing.

    d) Counsel for defendant believes that failure to grant the above-requested

continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e)        The government does not object to the continuance.

        f)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        g)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 21, 2021 to February 4, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 21, 2021                                  McGREGOR W. SCOTT
                                                                                  United States Attorney

                                                                                  /s/ AARON D. PENNEKAMP
                                                                                  AARON D. PENNEKAMP
                                                                                  Assistant United States Attorney

Dated:  January 21, 2021                                  /s/ LINDA ALLISON
                                                                                  LINDA ALLISON
                                                                                  Counsel for Defendant
                                                                                  DAVON ARTHUR FOSTER

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 21st day of January, 2021.

_____
Troy L. Nunley
United States District Judge