UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAVON ARTHUR FOSTER,<br><br>                    Defendant. | No. 2:20-cr-00045-TLN<br><br>**ORDER** |

The Court has reviewed Defendant Davon Arthur Foster's ("Defendant") pro se motions for a sentence reduction and the Government's opposition thereto. (ECF Nos. 46, 49, 50.) The Federal Defender's Office has notified the Court it will not assume representation of Defendant in this matter. (ECF No. 48.)

Defendant moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 821, arguing he is eligible for a reduction in his criminal history under the amended "status points" provision. Amendment 821 retroactively amended U.S.S.G § 4A1.1(d) as to the amount of criminal history points a defendant receives if they committed the offense of conviction while under supervision.

Even if the Court retroactively applies the reduction, it does not change Defendant's criminal history category or the resulting guideline range. At sentencing, Defendant's total criminal history score was 15, two points of which were "status points" under U.S.S.G §

4A1.1(d).  (ECF No. 38 at 13.)  Defendant's resulting criminal history category was VI.  (*Id.*) Applying the amended status point provision in U.S.S.G § 4A1.1(e), Defendant would receive one status point instead of two, which would result in a criminal history score of 14.  A criminal history score of 14 still results in a criminal history category VI.  Because application of Amendment 821 does not lower Defendant's guidelines range, he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

        Accordingly, the Court DENIES Defendant's motions.  (ECF Nos. 46, 49.)

        IT IS SO ORDERED.

Date:  July 10, 2024

                                                Troy L. Nunley
                                                United States District Judge